**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
Jordan D. Santo, Esq. (152892015)                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JENNA BOUSELLAM,** | : | **Civil Action No. 24-6100** |
| 811 Meadow Court | : | |
| Helmetta, NJ 08828 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Amended Complaint and Jury Demand** |
| | : | |
| **ROBLOX CORPORATION,** | : | |
| 970 Park Place | : | |
| San Mateo, CA 94403 | : | |
| Defendant. | : | |

**AMENDED COMPLAINT**

Plaintiff, Jenna Bousellam (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Roblox Corporation (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the New Jersey Law Against Discrimination ("NJLAD"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Roblox Corporation designs and develops an online platform for sharing user-generated games and virtual content with a location and corporate

headquarters at 970 Park Place, San Mateo, CA 94403.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and NJLAD.

13. Plaintiff timely filed a Charge of Discrimination ("First Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on May 4, 2023, alleging disability discrimination and retaliation against Defendant.

14. The First Charge was assigned a Charge Number 530-2023-07263 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the First Charge and that Notice is dated February 13, 2024.

16. On February 20, 2024, Plaintiff filed a second Charge of Discrimination ("Second Charge") with the EEOC, alleging disability discrimination and retaliation.

17. The Second Charge was assigned a Charge Number of 530-2024-03606 and was dual filed with the NJDCR.

18. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Second Charge and that Notice is dated May 16, 2024.

19. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

20. Plaintiff initiated this action via Complaint on May 13, 2024, within ninety (90) days of her receipt of her Right to Sue for her First Charge in this matter as it relates to her federal law claims.

21. Plaintiff files the instant Amended Complaint within ninety (90) days of her receipt of her Right to Sue for her Second Charge in this matter, as it relates to her federal law claims.

22. Plaintiff has exhausted her administrative remedies as to the allegations of this Amended Complaint.

## MATERIAL FACTS

23. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

24. On January 19, 2021, Defendant hired Plaintiff in the position of Software Engineer.

25. Plaintiff was well qualified for her position and performed well.

26. Since the start of Plaintiff's employment with Defendant, she worked remotely.

27. Defendant did not require Plaintiff to relocate from her home in New Jersey in order to accept the position.

28. In July 2022, Dr. Steven Krawet, Gastroenterologist, diagnosed Plaintiff with ulcerative colitis.

29. Ulcerative Colitis is a medical condition that is considered a disability under the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the New Jersey Law Against Discrimination ("NJLAD"), as it affects the major life activities including, but not limited to, eating and digestive function.

30. Plaintiff did not request any accommodations at the time of her diagnosis because Defendant already permitted Plaintiff to work remotely full-time.

31. It was not until in or around February 2023, that Defendant provided notice it would require its employees to return to work in the office in San Mateo, California at least three (3) days per week.

32. As a result, on or around February 8, 2023, Plaintiff began the process of requesting the reasonable accommodation of fully remote work to accommodate her disability of ulcerative colitis.

33. Defendant required Plaintiff to communicate with The Larkin Company ("Larkin") regarding her request for the reasonable accommodation of fully remote work.

34. Plaintiff spoke with Ivan Pereida, Leave of Absence and Disability Benefits Claim Administrator with Larkin, regarding documents and forms which needed to be submitted to initiate the accommodation process.

35. Plaintiff submitted all required documents on or around February 17, 2023, including documentation from her doctor, Dr. Darren Seril, Gastroenterologist.

36. On or around March 22, 2023, Ellie Jurchisin, HR Business Partner with Defendant, denied Plaintiff's request for a reasonable accommodation via email.

37. At the time, Defendant claimed that working from the office was an essential function of the Engineering roles at Defendant except in cases of exceptional talent approved by leadership.

38. This statement conflicted with Defendant's Remote Work Policy as well as Defendant's stated essential job functions for a Software Engineer.

39. Further, Defendant had allowed Plaintiff to work remotely for two (2) years in her role when she had not needed an accommodation.

40. Defendant offered Plaintiff an alternative that did not meet her doctor's requirements for work.

41. Specifically, Defendant offered the option to work remotely on Mondays and Fridays, which all employees were offered.

42. Jurchisin informed Plaintiff that if she could not return to work in person with this alternative accommodation, she would essentially be forced to resign from Defendant.

43. On August 23, 2023, Dr. Seril diagnosed Plaintiff with Crohn's Disease instead of ulcerative colitis.

44. On or around September 23, 2023, Defendant threatened to terminate Plaintiff if she did not agree to Defendant's proposed alternatives.

45. Despite making this threat, Defendant did not terminate Plaintiff at that time.

46. On or around October 18, 2023, Defendant sent an email to about half of the employees working remotely at the time, including Plaintiff, directing them to either resign for severance or to move to work at the corporate headquarters in San Mateo, California.

47. Plaintiff again began the accommodation request process, requesting to work remotely as an accommodation for her disability of Crohn's Disease.

48. Again, Defendant failed to engage in the interactive process.

49. On or around December 28, 2023, Defendant proposed alternatives that were essentially the same as the ones that were previously offered, but would not have accommodated Plaintiff in accordance with the medical restrictions her treating physicians placed her on.

50. Plaintiff informed Defendant that the proposed alternatives would not accommodate her, but Defendant failed to continue in the interactive process.

51. Defendant never gave Plaintiff an answer before she was required to provide a response to Defendant about whether she would move to California and report to work in person at Defendant's corporate headquarters or resign.

52. Defendant gave Plaintiff and its employees until on or around January 19, 2024 to respond regarding their decision to return to work in-person at its corporate headquarters or to resign.

53. As no decision had been made regarding her accommodation request, Plaintiff notified Defendant that she expected to continue working and was still awaiting a decision from Defendant.

54. On or around January 25, 2024, Defendant offered Plaintiff the same alternatives it provided to her on or around December 28, 2023.

55. These proposed alternatives, being the same as previously offered, did not meet her doctor's medical restrictions for work.

56. Defendant also claimed that Plaintiff's physicians drafted their notes and proposed accommodation requests in bad faith without evidence.

57. Defendant has not engaged in good faith nor has Defendant requested an independent medical examination.

58. Presently, if Plaintiff is not accommodated, she will be required to report to work in-person at Defendant's corporate headquarters on or around July 15, 2024, despite her necessary and reasonable accommodation requests.

59. Other non-disabled employees who perform the same or similar job functions, including, but not limited to, Hugh Collins, Software Engineer, and James Onnen, Software Engineer, are not required to be present in person and are permitted to work remotely.

60. Defendant continues to force Plaintiff out of her employment and/or terminate her due to her disability and in retaliation for requesting a reasonable accommodation.

61. Defendant continues to discriminate against Plaintiff due to her disability, is failing to accommodate her and is retaliating against her for requesting a reasonable accommodation in violation of the ADA and the NJLAD.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

64. Plaintiff was qualified to perform the job.

65. Plaintiff was subject to an adverse employment action, including, but not limited to stated intention of termination.

66. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

67. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

68. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

69. The purported reason for Defendant's decision is pretextual.

70. Others similarly situated but outside of Plaintiff's protected class were treated more

favorably.

71. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

72. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

73. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. Plaintiff is a "qualified individual with a disability" as that term is defined under the NJLAD because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

76. Plaintiff was qualified to perform the job.

77. Plaintiff was subject to an adverse employment action, including, but not limited to stated intention of termination.

78. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

79. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

80. Plaintiff's disability motivated Defendant's decision for its stated intention to terminate Plaintiff.

81. The purported reason for Defendant's decision is pretextual.

82. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

83. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

84. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

85. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

86. Plaintiff engaged in activity protected by the ADA.

87. Plaintiff requested reasonable accommodations due to her disability to Defendant.

88. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, failure to accommodate and stated intention of termination.

89. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

90. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

91. Plaintiff engaged in activity protected by the NJLAD.

92. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, failure to accommodate and stated intention of termination.

93. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jenna Bousellam, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the NJLAD.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 14, 2024   By:   */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*