# JacksonLewis

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200 Main
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

ROBYN L. AVERSA
Direct Dial: (908) 795-5128
Email: Robyn.Aversa@jacksonlewis.com

October 28, 2024

**VIA ECF**
Hon. Robert Kirsch, U.S.D.J.
Unites States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom: 4E
Trenton, NJ 08608

> Re:    Jenna Bousellam v. Roblox Corporation
> Civil Action No. 3:24-cv-06100

Dear Judge Kirsch:

This firm is counsel to Roblox Corporation ("Defendant" or "Roblox") in the above-referenced matter. We write, in accordance with Your Honor's individual Rules and Procedures, to respectfully request a pre-motion conference in connection with Defendant's intention to file a motion to dismiss the Complaint filed by Jenn Bousellam ("Plaintiff") and compel arbitration. Defendant briefly summarizes the grounds for this anticipated motion below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit by filing a complaint in the against Defendant in the United States District Court for the District of New Jersey, alleging claims of disability discrimination. Defendant now intends to file a motion to dismiss the Complaint of Plaintiff Jenna Bousellam ("Plaintiff") and to compel Plaintiff to submit her claims to arbitration under the parties' arbitration agreement and well-settled law.

As set forth herein, Plaintiff, as a condition of an offer of employment, was asked to review and acknowledge a binding arbitration agreement titled "Roblox Corporation At Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement", (hereinafter referred to as "Arbitration Agreement" or "Agreement"), that covers her claims in this matter.  Plaintiff reviewed and electronically acknowledged this agreement on October 1, 2020, by reviewing the agreement digitally, acknowledging she reviewed the agreement, and adhering her signature to the document via DocuSign.  The Arbitration Agreement covers all claims arising out of, relating to, or resulting from Plaintiff's employment with Roblox, including all claims under state or local statute, common law, or federal laws, against Roblox or its officers, directors,

trustees, benefit plan of the company, and employees.  Pursuant to the parties' Arbitration Agreement, Plaintiff's claims made in this action must proceed to arbitration.

II.   **THE FEDERAL ARBITRATION ACT COMPELS ENFORCEMENT OF THE ARBITRATION AGREEMENT**

The strong federal and state policies favoring arbitration necessitate that this Court enforce the parties' valid Arbitration Agreement and compel Plaintiff to arbitrate her claims.  See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991); Martindale v. Sandvik, 173 N.J. 76, 84-85 (2002).  The U.S. Supreme Court has repeatedly adopted a broad reading of the FAA in enforcing arbitration agreements, which New Jersey courts and the legislature have followed.  In the instant matter, the executed Arbitration Agreement between Plaintiff and Defendant (1) meets the qualifications for valid arbitration agreements, and (2) Plaintiff's claims are directly within its scope.  As such, Plaintiff's claims should be compelled to arbitration and the Complaint should be dismissed in its entirety.

Section 2 of the FAA provides that Section 2 of the FAA states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]

9 U.S.C. § 2.

Courts in the Third Circuit have repeatedly supported this federal policy favoring the enforcement of parties' agreements to arbitrate their disputes, stating that Congress enacted the FAA in 1925 "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gay v. CreditInform, 511 F.3d 369, 378 (3d Cir. 2007) (quoting Gilmer, 500 U.S. at 24); see also Townsend v. Pinnacle Entm't, Inc., 457 Fed. App'x 205, 207 (3d Cir. 2012) (citing Concepcion) (finding that based on liberal policy favoring arbitration, agreement to arbitrate "all issues" applied to all disputes arising during entire employment relationship, not just during term of contract under which underlying dispute arose).

Given that arbitration is a highly favored means of settling disputes, the Supreme Court has stated that arbitration agreements "**must be rigorously enforced**." Perry v. Thomas, 482 U.S. 483, 490 (1987) (emphasis added) (citations omitted).

On October 1, 2020, Plaintiff signed the Arbitration Agreement which provides for the arbitration of employment related claims. Specifically, the Arbitration Agreement sets forth, in relevant part, the following:

**JacksonLewis**

### 10. Arbitration and Equitable Relief

(A)    <u>Arbitration</u>. IN CONSIDERATION OF MY EMPLOYMENT WITH THE COMPANY, ITS PROMISE TO ARBITRATE ALL EMPLOYMENT-RELATED DISPUTES WITH ME, AND MY RECEIPT OF COMPENSATION AND OTHER COMPANY BENEFITS, AT PRESENT AND IN THE FUTURE, I AGREE THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES THAT I MAY HAVE WITH THE COMPANY (INCLUDING ANY COMPANY EMPLOYEE, OFFICER, DIRECTOR, TRUSTEE, OR BENEFIT PLAN OF THE COMPANY, IN THEIR CAPACITY AS SUCH OR OTHERWISE), ARISING OUT OF, RELATING TO, OR RESULTING FROM MY EMPLOYMENT OR RELATIONSHIP WITH THE COMPANY OR THE TERMINATION OF MY EMPLOYMENT OR RELATIONSHIP WITH THE COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT, SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT (THE "FAA").

Thus, the FAA and corresponding case law mandate that Plaintiff must adhere to her agreement to arbitrate her claims.

Respectfully Submitted,

**JACKSON LEWIS P.C.**

_s/ Robyn L. Aversa_
Robyn L. Aversa
Caroline C. Braga

RLA/ccb